**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

XIAOWU YU,

     Petitioner,

v.

DORA CASTRO, Warden of the Otero County Processing Center; TODD BLANCHE, Acting Attorney General of the United States; MARY DE ANDA-YBARRA, Director of the El Paso Field Office of ICE's Enforcement and Removal Operations Division; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement,

     Respondents.

Case No. 2:26-cv-01100-MIS-LF

## ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

THIS MATTER is before the Court on pro se Petitioner Xiaowu Yu's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April 9, 2026.  The Federal Respondents ("Respondents") filed a Response on April 21, 2026 ("Response"),[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will deny the Petition without prejudice.

## I.    Background

It appears that Petitioner is a citizen of China who is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Decl. of Deportation Officer Michael Sepulveda

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

Regarding Xiaowu Yu ("Sepulveda Decl.") ¶¶ 9, 12, ECF No. 6 at 7-10.  Petitioner entered the United States near Dulzura, California without inspection, admission, or parole on February 3, 2025.  Id. ¶ 5.  The same day, United States Border Patrol Agents arrested Petitioner, found him to be inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), and served him with an Order of Expedited Removal.  Id. ¶ 5.  Petitioner has been detained by U.S. Immigration and Customs Enforcement ("ICE") since the day he arrived in the United States—a period of nearly fifteen months.  See id. ¶¶ 6-8, 12.

Petitioner claimed fear of returning to China, id. ¶ 9, and filed applications for asylum and withholding of removal under the INA and Convention Against Torture ("CAT").  See Order of the Immigration Judge ("Removal Order"), ECF No. 6 at 13.  On October 8, 2025, an Immigration Judge found Petitioner inadmissible under Section 212(a)(6)(A)(i) of the INA, denied Petitioner's applications for asylum and withholding of removal, and ordered Petitioner's removal to China. Id. at 13, 15.  Petitioner waived his right to appeal the Removal Order to the Board of Immigration Appeals.  Id. at 16.

On April 9, 2026, Petitioner filed the instant Petition challenging the lawfulness of his ongoing detention.  ECF No. 1 at 2, 6-7.  He seeks immediate release or an individualized bond hearing.  Id. at 7.

On April 21, 2026, the Federal Respondents filed a Response.  ECF No. 6.

## II.   Legal Standard

Federal courts possess longstanding authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized

that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas, 533 U.S. at 687-88). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner challenges his prolonged detention without a bond hearing.  Pet. at 6. Respondents argue that Petitioner's detention "is reasonable under the circumstances and therefore lawful[,]" Resp. at 4, and that Petitioner has not provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, id.  They further argue that "Petitioner has been detained slightly beyond the six-month mark of his final order of removal[,]" and "successful removal remains significantly likely in the reasonably foreseeable future."  Id.  In this regard, they state that they attempted to remove Petitioner to China on a commercial flight, but Petitioner refused to complete the necessary paperwork.  Id. at 4-5.  Consequently, Respondents will have to place Petitioner on a chartered flight to China, and "these only take place every 3-4 months."  Id. at 5.

Post-removal-order detention is generally governed by 8 U.S.C. § 1231(a)(2), which mandates detention "[a]fter entry of a final removal order."  Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).  Pursuant to the INA, the Government must remove a noncitizen from the United States within a 90-day removal period.  8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal period, the noncitizen must be detained.  Id. § 1231(a)(2).  As relevant here, the removal period begins when the removal order "becomes administratively final."  Id. § 1231(a)(1)(B)(i).

If ICE does not remove the noncitizen within the 90-day removal period, the noncitizen "shall be subject to supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

The Government may detain a noncitizen beyond the initial 90-day removal period only for the time "reasonably necessary" to effectuate removal. Zadvydas, 533 U.S. at 699; see also 8 U.S.C. § 1231(a)(6). Detention for six months is "presumptively reasonable." Zadvydas, 533 U.S. at 701. Once that period passes, a detainee need only "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to the Government to rebut that showing with evidence. Id. This framework applies equally to inadmissible and arriving noncitizens. See Clark v. Martinez, 543 U.S. 371, 386 (2005).

Here, Respondents concede that the presumptively reasonable six-month detention period has expired.[2] Resp. at 4.

However, the Court finds that Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. "Courts have found this burden satisfied where, for example, a habeas petitioner shows that some impediment precludes removal to their country of origin." Aguilar v. Noem, Case No. 25-cv-03463-NYW, 2025 WL 3514282, at *3-5 (D. Colo. Dec. 8, 2025) (citations omitted). Here, Petitioner states only that he has been detained since he arrived in the U.S. on February 3, 2025, and he does "not know how much longer [he] will be detained." Pet. at 6. The Court finds this fails to satisfy the requisite showing.

---

[2] Respondents do not argue that the removal period should be extended under 8 U.S.C. § 1231(a)(1)(C) because Petitioner "fail[ed] or refuse[d] to make timely application in good faith for travel or other documents necessary to [his] departure or conspire[d] or act[ed] to prevent [his] removal subject to an order of removal."

The Court observes that the reason Petitioner has not yet been removed from the U.S. is because he "refused" to complete the necessary paperwork to travel on a commercial flight to China.  See Sepulveda Decl. ¶ 20.  The Court has found no authority holding that a habeas petitioner can meet his burden under Zadvydas by showing an impediment of his own making precludes removal to his country of citizenship.  In fact, the Tenth Circuit has stated that "[t]he risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention."  Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

Rather, the cases finding that the petitioner made the requisite showing have involved noncitizens who were granted withholding of removal to their country of citizenship with no indication that any third country would accept them.  See, e.g., Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Trejo v. Warden of ERO El Paso E. Mont., 807 F. Supp. 3d 697, 704 (W.D. Tex. 2025); Zhuzhiashvili v. Carter, 802 F. Supp. 3d 1337, 1340 (D. Kan. 2025). Those are not the facts of this case.  Petitioner simply refuses to complete the paperwork necessary to effectuate his removal to China on a commercial flight, Sepulveda Decl. ¶ 20, and the Government has not yet placed him on a chartered flight to China, Resp. at 5.

For these reasons, the Court will deny the Petition.  However, the Court does not rule out the possibility that Petitioner's detention may, at some point, become unreasonably indefinite, and therefore denies the Petition without prejudice.

## IV.    Conclusion

Because Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **DENIED without prejudice**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE